# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3498

_____

United States of America,

        Appellee,

v.

Frederick A. Evans,

        Appellant.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Eastern District
of Missouri.

[UNPUBLISHED]

_____

Submitted: May 11, 1999

Filed: June 15, 1999

_____

Before WOLLMAN,[1] BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

      Frederick A. Evans was found guilty by a jury[2] of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine base in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). He was

_____

[1]The Honorable Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

[2]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, presiding.

sentenced to 325 months' imprisonment on each count, to be served concurrently. He appeals the judgment and sentence. We affirm.

Evans first argues that his Fourteenth Amendment due process rights and Sixth Amendment right to compulsory process were violated by the government's statements that it would disbelieve the testimony of two defense witnesses and investigate these witnesses for perjury and obstruction of justice charges if they testified, thus intimidating and coercing the witnesses into invoking the Fifth Amendment. It is not improper for a prosecuting attorney to advise prospective witnesses of the penalties for testifying falsely. See United States v. Risken, 788 F.2d 1361, 1370 (8th Cir. 1986). But warnings regarding the dangers of perjury cannot be emphasized to the point where they threaten and intimidate the witnesses into refusing to testify. See id. However, having carefully reviewed the record, we find no merit in Evans's claim for relief on the basis of prosecutorial misconduct.

As to Evans's second and related claim that the district court erred by allowing these same witnesses to invoke their Fifth Amendment privilege because the danger of self-incrimination was remote and speculative, we find that we need not reach the merits of this argument, because error, if any, was harmless. Evans argues that the proffered testimony of the two defense witnesses would have shown that a government witness, Fred Warfield, fabricated testimony regarding Evans's involvement in the conspiracy. The defense had already put testimony before the jury by a cellmate of the government's principal witness, Gary Warfield, that Gary Warfield had repeatedly told him that "Fred Evans had nothing to do with it." In light of the overwhelming evidence regarding Evans's guilt and the testimony impeaching the government's principal witness on the issue of Evans's participation/role in the conspiracy, we conclude that any error on the part of the trial court in not admitting the testimony of the two defense witnesses was harmless.

Finally, having carefully reviewed the parties' briefs and the record, we find no error that would require reversal as to Evans's remaining arguments that: (1) the district court erred when it allowed the government to present to the jury its transcript version of an audio surveillance recording but refused to allow Evans to present his own transcript version; and (2) the district court erred in enhancing Evans's sentence for having a managerial role in the conspiracy pursuant to U.S.S.G. § 3B1.1(c). We therefore affirm Evans's conviction and sentence without an extensive discussion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.